UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW E. ROTH,

                        Plaintiff,

              -v-

SCOPIA CAPITAL MANAGEMENT LP,
SCOPIA MANAGEMENT, INC.,
SCOPIA CAPITAL GP LLC,
MATTHEW SIROVICH,
JEREMY MINDICH,
SCOPIA WINDMILL FUND LP,
SCOPIA INTERNATIONAL MASTER FUND LP,
SCOPIA PX LLC,
SCOPIA PX INTERNATIONAL MASTER FUND LP,
SCOPIA PARTNERS LLC,
SCOPIA LB LLC,
SCOPIA LB INTERNATIONAL MASTER FUND LP,
SCOPIA LONG LLC,
SCOPIA LONG INTERNATIONAL MASTER FUND LP,
SCOPIA LONG QP LLC, and
SMA (a separately managed account of Defendant Scopia
Capital Management LP),

                        Defendants,

and

SPIRIT AEROSYSTEMS HOLDINGS, INC.,

                        Nominal Defendant.

Civil Action No.

(*Jury Trial Demanded*)

**COMPLAINT**

Plaintiff Andrew E. Roth ("Roth"), by his undersigned attorneys, alleges upon

information and belief as to all paragraphs except paragraph 3, as follows:

## Nature of the Action

1.      This is an action to obtain disgorgement of "short-swing" profits obtained by defendants from purchases and sales of common stock of nominal defendant Spirit AeroSystems Holdings, Inc. in violation of Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b) or Section 16(b)").

2.      Section 16(b) provides that if a person, while beneficially owning more than 10% of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

## The Parties

3.      Plaintiff Roth is a New York resident who is the owner of common stock of Spirit AeroSystems Holdings, Inc. ("Spirit" or the "Company").

4.      Defendant Scopia Capital Management LP ("Scopia Capital") is a Delaware limited partnership with its principal place of business at 152 West 57th Street, 33rd Floor, New York, New York 10009.  Scopia Capital serves as the investment manager to the Defendant "Scopia Funds", as hereinafter defined, and to a separately managed account (the "SMA").

5.      Defendant Scopia Management, Inc. ("Scopia Management") is a New York corporation with its principal place of business at 152 West 57th Street, 33rd Floor, New York, New York 10009.  Scopia Management is the general partner of Defendant Scopia Capital.

6.      Defendant Scopia Capital GP LLC ("Scopia GP") is a Delaware limited liability company with its principal place of business at 152 West 57th Street, 33rd Floor, New York, New

York 10009.  Scopia GP is the managing member or general partner of each of the Scopia Funds, as hereinafter defined.

7.      Each of Defendants Matthew Sirovich ("Sirovich") and Jeremy Mindich ("Mindich") is a Managing Director of Defendant Scopia Management and Managing Member of Defendant Scopia GP, and maintains an office at 152 West 57th Street, 33rd Floor, New York, New York 10009. A chart showing the organizational and investment control structure of the Defendants is annexed as Exhibit A.  Sirovich and Mindich have direct and/or indirect beneficial ownership of all securities held by the Scopia Funds and the SMA

8.      Defendants Scopia Long LLC, Scopia Windmill Fund LP, Scopia LB LLC, Scopia International Master Fund LP, Scopia PX LLC, Scopia PX International Master Fund LP, Scopia Partners LLC, Scopia LB International Master Fund LP, Scopia Long International Master Fund LP and Scopia Long QP LLC are funds or investment vehicles (collectively, the "Scopia Funds"), which are structured as either Bermuda limited partnerships (LP's) or Delaware limited liability companies (LLC's).  The Scopia Funds all maintain offices at 152 West 57th Street, 33rd Floor, New York, New York 10009.

9.      Defendant SMA is a separately managed account of Defendant Scopia Capital and has a place of business at 152 West 57th Street, 33rd Floor, New York, New York 10009.

10.      Nominal Defendant Spirit is a Delaware corporation with its principal place of business at 3801 South Oliver, Wichita, Kansas 67210.

## Jurisdiction and Venue

11.      Jurisdiction of this Court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that Defendants maintain offices or are otherwise found in this District, and certain of the acts underlying this action occurred in this District.

3

## Section16(b) Group Activity

12.     Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a six-month period.

13.     Defendants Scopia Capital, Scopia Management, Scopia GP, Sirovich, Mindich, the Scopia Funds and the SMA constitute a group (the "Scopia Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16 of the Exchange Act. At all relevant times, the Scopia Group was a greater than 10% beneficial owner of the Company's common stock, $0.001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.

14.     As all purchases and sales of Common Stock for each of the Scopia Group members were directed by Sirovich and Mindich, at all relevant times, a group was formed and operative within the meaning of §13(d)(3) of the Exchange Act, for the purpose of acquiring, holding and disposing of shares of Common Stock.  Other indicia of group membership include the facts that: (i) Sirovich and Mindich are the sole decision makers for all investments of the Scopia Group members, (ii) Scopia Capital is the investment adviser to the Scopia Funds and

4

SMA, (iii) Sirovich and Mindich are the sole managing members of Scopia Capital's general partner – Scopia Management, (iv) various SEC filings were made collectively on behalf of the Scopia Group members and signed by Sirovich and Mindich individually, and as Managing Members of Scopia Management, the general partner of Scopia Capital, and as Managing Members of Scopia GP, the general partner or managing member of the Scopia Funds, (v) Defendants operate out of the same office with the same employees, and (vi) Defendants, other than Sirovich, Mindich and the SMA, bear the Scopia name. These facts demonstrate that the Scopia Group agreed to act together for the purposes of trading the Company's Common Stock.

### Defendants' Purchase and Sale Transactions

15.     In a Schedule 13G filing made on November 15, 2012, the Scopia Group disclosed beneficial ownership of greater than 10% of the Company's outstanding Common Stock.

16.     In a Form 13-F filing for the quarter ended September 30, 2014, the Scopia Group disclosed beneficial ownership of 21,046,046 shares. In a Form 13-F filing for the quarter ended December 31, 2014, the Scopia Group disclosed beneficial ownership of 22,049,547 shares, which evidenced purchases of at least 1,003,501 shares while a greater than 10% beneficial owner between September 30, 2014 and December 31, 2014.

17.     In a Form 13-F filing for the quarter ended March 31, 2015, the Scopia Group disclosed beneficial ownership of 22,049,547 shares. In a Form 13-F filing for the quarter ended June 30, 2015, the Scopia Group disclosed beneficial ownership of 17,087,468 shares, which evidenced sales of 4,962,079 shares while a greater than 10% beneficial owner between March 31, 2015 and June 30, 2015.

18.     Based on these filings, the Scopia Group purchased at least 1,003,501 shares while a greater than 10% beneficial owner between September 30, 2014 and December 31, 2014. The Scopia Group then sold 4,962,079 shares while a greater than 10% beneficial owner between March 31, 2015 and June 30, 2015.

19.     At all relevant times, the Scopia Group was a greater than 10% beneficial owner based on the outstanding shares of the Company's Common Stock, as reported by the Company. However, because the Scopia Group violated its reporting requirements under Section 16(a) of the Exchange Act, it is not possible to determine the extent of the short-swing profits that the Scopia Group garnered in violation of Section 16(b). However, based on the share price of the Company's Common Stock during the aforementioned periods, it is all but certain that the Scopia Group garnered short-swing profits of as much as $10 million or greater.

**AS AND FOR A FIRST CLAIM FOR RELIEF**

20.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19, *supra*, as if fully set forth herein.

21.     As particularized in paragraphs 15 – 19, *supra*, the Scopia Group engaged in transactions which yielded short swing profits subject to disgorgement to the Company.

22.     Each of the defendants has a pecuniary interest in short-swing profits realized by the Scopia Group and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to the Company their short swing profits.

23.     Plaintiff is unable to precisely ascertain the amount of the disgorgeable profits, but upon information and belief, these profits are approximately $10 million or greater.

## ALLEGATIONS AS TO DEMAND

24.    On May 13, 2016, Plaintiff made due demand on the Company to commence this lawsuit but it has failed to do so.

WHEREFORE, plaintiff demands judgment on behalf of Spirit AeroSystems Holdings, Inc. against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

New York, New York
August 4, 2016

Yours, etc.

OSTRAGER CHONG FLAHERTY
& BROITMAN P.C.

Glenn F. Ostrager
Joshua S. Broitman
Roberto L. Gomez

570 Lexington Avenue
New York, New York 10022
Tel.: (212) 681-0600
E-Mail: gostrager@ocfblaw.com

*Attorneys for Plaintiff*