USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ANDREW E. ROTH,　　　　　　　　　　　　:

　　　　　　　　　Plaintiff,　　　　　:　　16 Civ. 6182 (LTS)(HBP)

　　-against-　　　　　　　　　　　　　:　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　AND ORDER
SCOPIA CAPITAL MANAGEMENT LP,　　　　:
et al.,
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　:
----------------------------------X

　　　　　　PITMAN, United States Magistrate Judge:

　　　　　　By letter dated February 20, 2018, plaintiff seeks to compel production of certain trading records for the period from February 6, 2014 through June 30, 2016.[1]  For the reasons set forth below, plaintiff's application is granted.[2]

　　　　　　This is an action brought pursuant to Section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b), to recover short swing profits.  In pertinent part, the complaint alleges:

---

[1] Plaintiff had also initially raised an issue concerning the nature of the trading records defendants were producing.  It is my understanding that counsel have come to an agreement resolving that issue.

[2] None of the letters submitted in connection with the discovery dispute address herein have been filed with the Clerk's Office.  The letters will be filed contemporaneously with the filing of this Opinion and Order.

> 18. Based on [certain filings with the SEC], the Scopia Group purchased at least 1,003,501 share while a greater than 10% beneficial owner between September 30, 2014 and December 31, 2014. The Scopia Group then sold 4,962,079 shares while a greater than 10% beneficial owner between March 31, 2015 and June 30, 2015.
>
> 19. At all relevant times, the Scopia Group was a greater than 10% beneficial owner based on the outstanding shares of the Company's Common Stock, as reported by the Company. However, because the Scopia Group violated its reporting requirements under Section 16(a) of the Exchange Act, it is not possible to determine the extent of the short-swing profits that the Scopia Group garnered in violation of Section 16(b). However, based on the share price of the Company's Common Stock during the aforementioned periods, it is all but certain that the Scopia Group garnered short-swing profits of as much as $10 million or greater.

(Complaint (Docket Item 1) ¶¶ 18-19).

Defendants have produced records showing their trades in the subject stock for the period from March 30, 2014 through June 30, 2015, but have refused to produce records for the period between February 6, 2014 and March 30, 2014 and for the period after June 30, 2015, primarily on the ground that there are no accused trades in that period and that plaintiff is seeking discovery with respect to claims that he has not asserted. Defendants concede, however, that "hypothetically, a transaction occurring on August 4, 2014 could be matched with a purchase or sale occurring as early as February 6, 2014" (Letter from Douglas A. Rappaport, Esq., to the undersigned, dated Feb. 27, 2018 at 2).

2

Much of the parties' arguments regarding this discovery dispute has been focused on whether a claim for Section 16(b) damages based on a transaction occurring March 30, 2014 would now be time-barred. Relying primarily on Egghead.com, Inc. v. Brookhaven Capital Mgmt. Co., 179 F. Supp. 2d 330 (S.D.N.Y. 2002) (Haight, D.J.), plaintiff claims that the statute of limitations might be equitably tolled as a result of alleged deficiencies in defendants' Section 16(a) disclosures. Defendants respond by claiming that Egghead.com was effectively overruled by the Supreme Court's decision in Credit Suisse Sec. (USA) LLC v. Simmonds, 566 U.S. 221 (2012). Defendants argue that the discovery sought by plaintiff is inappropriate because any claim based on a transaction occurring before March 30, 2014 would now be time-barred. With respect to claims based on transactions occurring after June 30, 2015, defendants note that their transactions during this time period are already the subject of a related action -- Sand v. Scopia Capital Mgmt. LP, 18 Civ. 1735 (LTS)(HBP)(S.D.N.Y.).

I note that this matter has been referred time for general pre-trial supervision, not to issue a report and recommendation with respect to dispositive motions. I also note that the parties have submitted only letters, not briefs that address the statute of limitations in a comprehensive manner. Finally, I

3

note that the Credit Suisse decision did not categorically hold that equitable tolling is always inapplicable in a Section 16(b) action, nor did it address when an amended complaint in a 16(b) action will relate back. These facts, in conjunction with the procedural posture of the present application, i.e., a discovery dispute, counsel against issuing a decision that effectively resolves what is or is not time barred. Because Section 16(b) claims based on transactions in February 2014 could, at least in theory, be timely, I decline to deny the application on the ground that it seeks information that could not be relevant to any valid claim.

Defendants' second argument -- that plaintiff is seeking discovery concerning a non-existent claim -- fairs no better. Defendants are correct that a party is not ordinarily entitled to pursue discovery to determine if the party has a claim. E.g., Hughes v. LaSalle Bank, N.A., 02 Civ. 6384 (MP)(HBP), 2004 WL 414828 at *1 (S.D.N.Y. Mar. 4, 2002) (Pollack, D.J.). That axiom does not, however, accurately describe what plaintiff is doing here. Plaintiff has a viable claim; his complaint has withstood defendants' motion to dismiss. Roth v. Scopia Capital Mgmt. LP, 16 Civ. 6182 (LTS)(HBP), 2017 WL 3242326 (S.D.N.Y. July 28, 2017) (Swain, D.J.). Rather, what plaintiff is attempting to do through his discovery request is to uncover

4

the full extent of his claim. If the discovery in issue disclosed transactions that could provide a basis for expanded Section 16(b) liability, plaintiff would not be asserting those transactions as the bases for a separate Section 16(b) claim; rather plaintiff would merely expand the scope of his existing claim.

To the extent defendants assert burden, they have failed to demonstrate that any incremental burden would be undue. The additional documents sought from 2014 cover only a few weeks of trading, and the records sought for the period after June 30, 2015 would have to be assembled and produced in connection with the Sand action, assuming that they have not already been assembled for that action.

Accordingly, plaintiff's application to compel production of defendants' trading records in the subject stock for the period from February 6, 2014 through June 30, 2016 is granted. Defendants are directed to produce the records no later than April 6, 2018.

Dated: New York, New York
March 23, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel